IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANDON SOLOMON, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | No. 5:24-CV-299 (CAR) |
| TROY E. MEINK, Secretary of the | : | |
| United States Air Force,[1] | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER GRANTING UNOPPOSED MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Brandon Solomon's unopposed Motion for Leave to Amend his First Amended Complaint [Doc. 24] to add factual allegations in support of his claim for damages. Plaintiff has filed his proposed Second Amended Complaint, and Defendant does not oppose the request to amend. Plaintiff's Motion to Amend [Doc. 24] is **GRANTED**. The Second Amended Complaint will supersede the First Amended Complaint and render moot Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.[2] Thus, Defendant's Motion to Dismiss [Doc. 18] is **DENIED AS MOOT**.

---

[1] Pursuant to Fed. R. Civ P. 25(d), Troy Meink, Secretary of the United States Air Force, is substituted for the original Defendant named in this action, Frank Kendall, former Secretary of the United States Air Force.
[2] *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Fountain v. Hyundai Motor Co.*, Case No. 1:15-cv-446-ELR, 2016 WL 4361528, at *2 (N.D. Ga. Mar. 4, 2016) ("The filing of the amended complaint has rendered the arguments contained in the first motion to dismiss moot.").

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints.[3] Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party.[4] Generally, when leave to amend is sought, "it shall be freely given when justice so requires."[5] Indeed, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[6] Such reasons include undue delay, undue prejudice to defendants, futility of the amendment,[7] and failure to state a viable claim as a matter of law.[8]

The Court has read and considered Plaintiff's Second Amended Complaint, and it does not appear that any of the substantial reasons for denying the Motion to Amend exist, and Defendant will suffer no prejudice. Because "leave shall be freely given when justice so requires,"[9] Plaintiff's Motion to Amend [Doc. 24] is **GRANTED**. Plaintiff is hereby **DIRECTED** to file the Second Amended Complaint as a separate entry on the docket. Thereafter, the Second Amended Complaint will supersede the original

---

[3] Fed. R. Civ. P. 15(a).

[4] *Id.*

[5] *Id.*

[6] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

[7] *Foman v. Davis*, 371 U.S. 178, 182 (1952).

[8] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

[9] Fed. R. Civ. P. 15(a).

complaint.[10] Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 18] is **DENIED AS MOOT**.

      **SO ORDERED,** this 13th day of February, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[10] *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).